UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-Civ-14226-CANNON/MCCABE

BRANDON WILLIAM HARVEY,

      Petitioner,

vs.

RICKY D. DIXON, Secretary,
Florida Department of
Corrections, et al.,

      Respondents.
_____/

## OMNIBUS ORDER

This **CAUSE** comes before the Court on numerous outstanding motions.

### Motions to Seal (DE 26; DE 32; DE 39)

On December 5, 2022 (DE 26), December 9, 2022 (DE 32), and December 13, 2022 (DE 39), Petitioner filed motions requesting that numerous documents be filed under seal, including a Notice of Due Process Rights Violations (DE 27), another Notice of Due Process Rights Violations (DE 33), a Motion to Deport Alleged Victim (DE 34), and a Motion for Immediate Release (DE 40). These motions should be denied as Petitioner has not met his burden to show these documents should be sealed pursuant to Local Rule 5.4. Petitioner has not proffered grounds to overcome the strong presumption that court filings should be open to the public.

The Court hereby **DENIES** DE 26, DE 32, and DE 39. Also, the Clerk of Court placed several docket entries under seal, apparently because Petitioner labeled them as "sealed" when he filed them. The Court finds no basis for sealing and therefore **ORDERS** the following docket entries to be **UNSEALED**: DE 27, DE 33, DE 34, and DE 40.

## Motion to Deport Alleged Victim (DE 34)

On December 9, 2022 (DE 34), Petitioner filed a motion requesting the Court to deport Raul Rodriguez, a witness in Petitioner's underlying state court case. The Court has no authority, sua sponte, to deport persons from the United States.

Accordingly, the Court hereby **DENIES** DE 34.

## Motion for Immediate Release (DE 40)

On December 13, 2022 (DE 40), Petitioner filed a motion requesting immediate release or transfer from state prison due to medical and safety issues. This Court has no legal authority to order Petitioner's release from state prison other than by way of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The record reflects that Petitioner has already filed a habeas petition (DE 1), which is pending before the Court. Also, this Court has no authority to order transfers within the Florida state prison system from one facility to another.

Accordingly, the Court hereby **DENIES** DE 40.

## Motion of Illegal Sentence (DE 51)

On December 15, 2022, Petitioner filed a "Motion of Illegal Sentence in Time," alleging he was sentenced illegally in Florida state court (DE 51). Petitioner may be attempting to file a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), something he has not yet done. If this is the case, Petitioner is advised he must file his Rule 3.800(a) motion in state court, not federal court. This Court has no power to accept motions on behalf of the state court, or to transfer motions to the state court. Also, to the extent Petitioner complains he was sentenced in violation of Florida law, this Court has no power to correct such violations. This Court can only remedy violations of federal law pursuant to 28 U.S.C. § 2254.

Petitioner has already filed a federal habeas petition (DE 1), alleging violations of federal law, which is currently pending before the Court.

Accordingly, the Court hereby **DENIES** DE 51.

**The Clerk shall file a Notice of Compliance on the docket that a copy of this ORDER was mailed to Petitioner, Brandon William Harvey.**

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of January 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE