UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-Civ-14226-CANNON/MCCABE

BRANDON WILLIAM HARVEY,

      Petitioner,

vs.

RICKY D. DIXON, Secretary,
Florida Department of
Corrections,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court upon Brandon William Harvey's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (DE 1), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 17).  Respondent, Ricky D. Dixon, Secretary, Florida Department of Corrections, filed a Response to the Petition (DE 12), to which Petitioner filed a Reply (DE 16), as well as two sets of supplemental claims (DE 19; DE 35), which the Court will treat as motions for leave to amend the Petition pursuant to Federal Rule of Civil Procedure 15(a).  Petitioner also filed a "Motion in Time for Petitioner to Take the Stand" (DE 50), which the Court will treat as a request for an evidentiary hearing on the Petition.

For the reasons set forth below, the undersigned **RECOMMENDS** that the Petition (DE 1) be **DENIED**, that the motions for leave to amend (DE 19; DE 35) be **DENIED**, and that the request for an evidentiary hearing (DE 50) be **DENIED**.

I.      **BACKGROUND**

On December 13, 2018, the State charged Petitioner by Information with the following ten

counts:  (1) carjacking with a deadly weapon; (2) aggravated battery - deadly weapon; (3) criminal

mischief; (4) resisting officer without violence; (5) leaving the scene of an accident -causing

property damage; (6) driving with license suspended; (7) aggravated assault - deadly weapon; (8)

burglary of conveyance with an assault or battery while armed; (9) grand theft - motor vehicle;

and (10) high speed or wonton fleeing (DE 13-1 at 21).

Petitioner began the case represented by the public defender's office, but thereafter filed

multiple pro se motions attempting to discharge his counsel and/or proceed pro se (DE 13-1 at 36-

37, 43-44), before eventually retaining private counsel (DE 13-1 at 134, 136, 140; DE 14-1 at 15).

Petitioner also filed multiple pro se motions seeking various forms of relief from the state trial

court (DE 13-1 at 32-34, 39-40, 55-56, 62-63, 69-70), from the Florida Supreme Court (DE 13-1

at 52-56), and from this Court (DE 13-1 at 59-60, 82, 85-90, case no. 21-CV-14075-BB).

On September 24, 2021, Petitioner entered into a no contest felony plea agreement, under

which the State agreed to dismiss count one of the Information and Petitioner agreed to plead guilty

to the remaining counts (DE 13-1 at 143-46).  The agreement also provided that the State would

join with Petitioner in making a sentencing recommendation of "8 years Department of Corrections

followed by 10 years probation" (DE 13-1 at 143).

The state court conducted a combined change-of-plea and sentencing hearing on October

25, 2021 (DE 14-1).  The court conducted a lengthy plea colloquy to confirm that Petitioner

understood the terms and consequences of his plea agreement, that he understood the rights he was

giving up by pleading no contest, and that he was satisfied with his counsel (DE 14-1 at 7-10).

The court took judicial notice of the arrest affidavit and used it as the factual basis for the plea (DE

14-1 at 7).  Following the colloquy, the court accepted Petitioner's plea and sentenced him to the

term jointly recommended in the plea agreement, namely, eight years in the Department of Corrections, followed by ten years of probation (DE 14-1 at 14-15).

Petitioner did not appeal the judgment or sentence. Likewise, as of the date of this Report and Recommendation, Petitioner has not filed any motions for postconviction relief in state court.

On June 17, 2022, Petitioner filed this Petition, asserting five claims for relief (hereafter the "Original Claims"). Thereafter, on November 22, 2022, and December 13, 2022, Petitioner filed additional documents, each titled "Supplemental Claims for Petitioner's 28 U.S.C. § 2254 Petition," asserting additional claims for relief (DE 19; DE 35). The Court will treat DE 19 and DE 35 as motions for leave to amend the Petition pursuant to Federal Rule of Civil Procedure 15(a) and will address these motions separately from the Original Claims.

## II.    ORIGINAL CLAIMS

Petitioner brings this action pursuant to 28 U.S.C. § 2254(a), which provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner asserts five claims for relief:

(1)    The presiding state trial judge failed to sign the Order of Probation, thereby violating state law and Petitioner's federal constitutional rights (DE 1 at 5; DE 1-1 at 8).

(2)    A non-presiding state judge signed the Order of Probation nunc pro tunc, thereby violating state law and Petitioner's federal constitutional rights (DE 1 at 7; DE 1-1 at 9).

(3)    The felony plea agreement improperly stated the maximum penalty for one of the counts against Petitioner, thereby violating Petitioner's Sixth Amendment right "to be informed of the nature and cause of the accusations" (DE 1-1 at 9).

(4)    The state trial judge signed the Order of Probation on a different date than other sentencing-related orders, thereby violating state law and Petitioner's federal constitutional rights (DE 1 at 10; DE 1-1 at 9-10).

(5)     The Clerk of Court, rather than the presiding judge, signed the order committing Petitioner to the Department of Corrections, thereby violating state law and Petitioner's federal constitutional rights (DE 1-1 at 6, 10).

The Court will address procedural issues before turning to the merits.

### A.     Exhaustion of Original Claims

As a preliminary matter, a habeas petitioner must exhaust state court remedies before filing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy exhaustion, a habeas petitioner must "fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Sec'y for Dep't of Corrs.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (cleaned up). Once a petitioner has "fairly presented" his federal claim to the state trial and appellate courts, he must then "present that exact same claim to the federal courts – adjacent claims or nominally similar claims do not make the cut." *Green v. Sec'y, Dep't of Corrs.*, 28 F.4th 1089, 1158 (11th Cir. 2022) (citing *Picard v. Connor*, 404 U.S. 270, 276 (1971)).

In this case, Petitioner failed to exhaust the Original Claims before bringing this Petition. He filed no direct appeal in state court and likewise filed no motions for postconviction relief in state court. Petitioner argues he should be excused from the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(1)(B)(i), which provides that habeas petitioners need not exhaust state court remedies when "there is an absence of available State corrective process." The Court rejects this argument because the State of Florida has adopted numerous "corrective processes" to allow for redress of constitutional injuries, including:

- the option to take a direct appeal even without a conformed copy of the order pursuant to Florida Rule of Appellate Procedure 9.110(d);[1]

- the option to take a belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c);

---

[1] Petitioner alleges he could not take a direct appeal because he lacked copies of confirmed orders (DE 1-1 at 1).

- the option to file a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b); and

- the option to file a motion to vacate, set aside or correct sentence pursuant to Florida Rule of Criminal Procedure 3.850.

Petitioner had these options available but chose not to pursue them. As such, he cannot take advantage of the exception available under 28 U.S.C. § 2254(b)(1)(B)(i). *See Laroche v. Philibin*, No. 6:16-cv-10, 2016 WL 3166572, at *3 (S.D. Ga. June 6, 2016) *R. & R. adopted*, 2016 WL 3825770 (S.D. Ga. July 12, 2016) (finding petitioner's claims unexhausted where petitioner failed to show an absence of available state corrective process).

Moreover, as Respondent correctly points out, Petitioner may still have an opportunity to avail himself of one or more of Florida's corrective processes (DE 12 at 17, noting that Petitioner may still have time to take a belated appeal or file motions for postconviction relief). In such circumstances, a habeas court has the option to dismiss a habeas petition without prejudice to allow the petitioner to attempt to exhaust state court remedies. *See Saintvil v. McNeil*, No. 07-22402-civ-Huck, 2008 WL 2357676, at *4 (S.D. Fla. Mar. 25, 2008) ("Traditionally, when a habeas corpus petition contained unexhausted claims, it was subject to dismissal without prejudice to permit the petitioner an opportunity to exhaust his state court remedies.").

In this case, however, a dismissal without prejudice would likely function as a dismissal with prejudice because the one-year time bar imposed by 28 U.S.C. § 2244(d)(1) has elapsed during the pendency of this action. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005) (noting that "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations"). This means that if the Court were to order a dismissal without prejudice, any re-filed federal petition would likely be time-barred and Petitioner would lose his opportunity for federal review. *See Kenon v. Inch*, No. 2:18-CV-14243-Rosenberg/Reid, 2020 WL 4476406, at *2 (S.D. Fla. Aug.

4, 2020) (noting procedural posture that made dismissal without prejudice an effective dismissal with prejudice).

In such circumstances, a habeas court has multiple options to resolve the claims. First, the court may order a "stay and abeyance" to allow exhaustion in state court. *See Thompson v. Sec'y for Dep't of Corrs.*, 425 F.3d 1364, 1365-66 (11th Cir. 2005). Under this option, the Court would stay this case, until such time as Petitioner has fully exhausted the Original Claims in state court. This option can only be used in "limited circumstances," namely, "if (1) the petitioner had good cause for failing to exhaust the claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* (cleaned up).

The Court finds this option cannot be used because Petitioner fails to satisfy element (2), namely, the Petition does not allege "potentially meritorious" claims. Rather, as set forth in section II.B below, the Court finds the Original Claims lack merit. *See Rhines*, 544 U.S. at 277 (noting that stay should not be granted when claims are "plainly meritless"). Accordingly, the Court declines this option.

Next, as an alternative to the stay-and-abeyance option, when a petition lacks merit, a habeas court can ignore a petitioner's failure to exhaust and simply deny the petition. Specifically, 28 U.S.C. § 2254(b)(2) provides:

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

*See also Thompson*, 517 F.3d at 1283 ("[W]e may … deny Petitioner's petition for habeas relief on the merits regardless of his failure to exhaust the claim in state court."). Given the procedural posture of this case, the Court finds it appropriate to choose this option and proceed to the merits of the Original Claims.

### B.    Merits of Original Claims

The Court will address each claim in turn.

### 1.    The Order of Probation was not Signed by the Presiding Judge

In claim one, Petitioner complains that his presiding state trial judge failed to sign his Order of Probation, thereby violating state law and Petitioner's federal constitutional rights (DE 1 at 5; DE 1-1 at 3).  Petitioner is correct that Senior Judge David Langford signed the Order of Probation on October 26, 2021, rather than Judge Robert Belanger, who presided over Petitioner's change-of-plea and sentencing hearings (DE 13-1 at 192-94; DE 14-1).

This claim fails, however, for multiple reasons.  First, claim one does not raise a federal constitutional issue.  "It is clear … that a habeas petition grounded on issues of state law provides no basis for habeas relief."  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).  Especially "in the area of state sentencing … [the Eleventh Circuit has] consistently held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."  *Id.*  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process."  *Id.* (cleaned up).  Although Petitioner couches his claim as a "due process" violation, his dispute over which judge signed the Order of Probation poses no cognizable federal due process issue.

Moreover, the Petition likewise alleges no cognizable violation of Florida law.  Article V, section 2(b), of the Florida Constitution vests the power of assigning Senior Judges for temporary duty to the Chief Justice of the Florida Supreme Court, who can then delegate that power to the Chief Judge of each judicial circuit.  In this case, on August 24, 2021, the Chief Judge of the Nineteenth Judicial Circuit appointed Senor Judge Langford to hear matters in the absence of Judge Belanger (DE 13-1 at 205).  As such, Judge Langford properly signed the Order of

Probation, despite the fact that Judge Belanger presided over the change-of-plea and sentencing hearings.  Claim one therefore lacks merit and should be denied.

### 2.    The Order of Probation was Signed Nunc Pro Tunc

In claim two, Petitioner complains that Senior Judge Langford signed the Order of Probation nunc pro tunc (DE 1 at 7; DE 1-1 at 4).  This claim fails, again, for two reasons.  First, it poses no federal constitutional claim, but instead raises a matter of Florida state procedure.  *See Branan*, 861 F.2d at 1508 ("It is clear … that a habeas petition grounded on issues of state law provides no basis for habeas relief.").  Second, and at any rate, Florida law allows for nunc pro tunc signatures.  As the Eleventh Circuit recognized in *Osbourne v. Sec'y, Fla. Dep't of Corrs.*, 968 F.3d 1261, 1266 (11th Cir. 2020), "under Florida law nunc pro tunc means now for then and when a legal order or judgment is imposed nunc pro tunc, it refers, not to a new or de novo decision, but to the judicial act previously taken, concerning which the record was absent or defective." *Id.* (cleaned up) (citing *Colon v. State*, 909 So. 2d 484, 487 (Fla. 5th DCA 2005)).

Here, Judge Belanger orally pronounced Petitioner's sentence on October 25, 2021 (DE 14-1 at 13-15).  Senior Judge Langford thereafter signed the Order of Probation on November 15, 2021, with a nunc pro tunc date of October 26, 2021 (DE 13-1 at 192-94).  This argument raises no cognizable violation of federal constitutional law, or of state law.  Claim two lacks merit and should be denied.

### 3.    The Maximum Possible Penalty was Erroneously Stated in the Written Plea Form

In claim three, Petitioner complains that his written plea form misstated the maximum possible penalty as "92 years and 120 days," when in reality, he faced a maximum penalty of life imprisonment (DE 1 at 8; DE 1-1 at 5).  As a result, Petitioner alleges the State violated his Sixth Amendment right "to be informed of the nature and cause of the accusations" (DE 1-1 at 5).

8

Petitioner is correct that his plea form understated the maximum possible penalty, but the state judge caught this error and corrected it during the change-of-plea colloquy (DE 14-1 at 4). The judge specifically advised Petitioner that he would be entering a plea to a first-degree felony punishable by up to "life in prison" (DE 14-1 at 4). The trial judge therefore cured any prejudice resulting from the erroneous felony plea form. *See Alfred v. State*, 998 So. 2d 1197, 1200 (Fla. 2009) (where defendant claimed misadvice of counsel as to the possible length of sentence, trial court's thorough plea colloquy cured any error); *Bluntson v. State*, 98 So. 3d 626, 628 (Fla. 1st DCA 2012) ("Any previous error by defense counsel was cured by the trial court's statement at sentencing."). Claim three lacks merit and should be denied.

### 4. The Order of Probation was Signed on a Different Day than Other Sentencing Orders

In claim four, Petitioner complains that Senior Judge Langford signed his Order of Probation on a *different* date than Judge Belanger signed the other sentencing-related orders, thereby violating state law and Petitioner's federal constitutional rights (DE 1 at 10; DE 1-1 at 5-6). Petitioner is correct that Judge Belanger signed his Judgment and Sentence on October 25, 2021 (DE 13-1 at 153-74), whereas Senior Judge Lanford signed his Order of Probation on November 15, 2021, with a nunc pro tunc date of October 26, 2021 (DE 13-1 at 192-94).

This claim fails because, once again, it raises no federal constitutional issues. Also, as previously explained in sections II.B.1 and II.B.2, Florida law allowed for Senior Judge Langford to substitute for Judge Belanger and to sign orders nunc pro tunc. Respondent also represents that Florida judges rarely sign Orders of Probation on the same day as other sentencing-related orders because Florida Probation Officers commonly take notes during the sentencing hearing and thereafter prepare the Order of Probation for judicial signature, which typically happens at a later date (as it did here) (DE 12 at 21). Claim four lacks merit and should be denied.

**5.      The Clerk of Court Signed the Order of Commitment**

In claim five, Petitioner complains that the Clerk of Court, rather than the presiding judge,

signed the order that committed him to the custody of the Department of Corrections, thereby

violating state law and Petitioner's federal constitutional rights (DE 1-1 at 6).  The Court rejects

this argument because the record shows the Clerk of Court did not sign the order at issue.  Rather,

Judge Belanger signed the commitment order by way of an electronic signature, denoted by the

symbol "/s/" (DE 13-1 at 190).  Florida law allows for electronic signatures.  *See Haire v. Fla.*

*Dep't. of Agric & Consumer Servs.*, 870 So. 2d 774, 789 (Fla. 2004) (approving electronic

signatures on warrants); § 668.004, Fla. Stat. ("Unless otherwise provided by law, an electronic

signature may be used to sign a writing and shall have force and effect as a written signature.").

This argument therefore poses no cognizable violation of federal constitutional law, or of state

law.  Claim five lacks merit and should be denied.

## III.      MOTIONS FOR LEAVE TO AMEND THE PETITION

On November 22, 2022, Petitioner filed an additional document titled "Supplemental

Claims for Petitioner's 28 U.S.C. § 2254 Petition," asserting five additional claims for relief, as

follows:

(1)      The State's Information violated Petitioner's double jeopardy rights because it charged Petitioner with counts two, seven, and eight, arising from the same offense conduct against the same victim (DE 19 at 1-2).

(2)      The State's Information violated Petitioner's due process rights because it concluded that Petitioner "is guilty," when in reality, he was presumed innocent of all charges (DE 19 at 2).

(3)      The state court violated Petitioner's due process rights when it failed to rule on defense counsel's motion to exclude photo line-up evidence (DE 19 at 3).

(4)      The State violated Petitioner's right to not be "compelled in any criminal case to be a witness against himself" when the State listed Petitioner as a "Category C witness" pursuant to Florida Rule of Criminal Procedure 3.220(b)(1)(A)(iii) (DE 19 at 4).

(5)     The state court violated Petitioner's Sixth Amendment confrontation rights at the sentencing hearing because the victim/witness offered a statement, but, due to technical issues, "nobody in the Court could see [Petitioner] on the screen" (DE 19 at 4-5).

On December 13, 2022, Petitioner filed another document titled "Supplemental Claims for Petitioner's 28 U.S.C. § 2254 Petition," this time asserting three more claims for relief, as follows:

(6)     The state court violated Petitioner's due process rights because the state judge who signed his Order of Transportation did not preside over his case (DE 35 at 1).

(7)     The state court violated Petitioner's due process rights because an unknown judge signed his Pretrial Supervision Order on November 26, 2018, and because the Order contained certain defects (DE 35 at 2-3).

(8)     The State violated Petitioner's due process rights because an Assistant State Attorney signed a motion on December 19, 2018, without signing under penalty of perjury (DE 35 at 3).

The Court will refer to the claims alleged in DE 19 and DE 35 collectively as "Supplemental Claims."   Because Petitioner did not include the Supplemental Claims in his original Petition, the Court will treat DE 19 and DE 35 as motions to amend the Petition pursuant to Federal Rule of Civil Procedure 15, which provides as follows:

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

*See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (noting that Rule 15 applies to habeas petitions).

Here, Petitioner filed the Supplemental Claims more than twenty-one days after service of the original Petition and more than twenty-one days after service of Respondent's response. Moreover, Respondent does not consent to amendment (DE 58 ¶ 10). As such, Petitioner cannot amend the Petition without leave of court. *See* Fed. R. Civ. P. 15(a)(2).

"The granting or denial of leave to amend lies within the discretion of the trial court and is subject to reversal only for abuse of discretion." *Rodriguez v. Att'y Gen., Fla.*, 813 F. App'x 426, 428-29 (11th Cir. 2020) (cleaned up) (quoting *Moore v. Balkcom*, 716 F.2d 1511, 1526-27 (11th Cir. 1983). Although leave to amend is "freely given when justice so requires, it is not an automatic right." *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008) (cleaned up). A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny such leave where grounds exist, including "futility of amendment." *Id.* at 1263; *see also Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018) (affirming denial of leave to amend where amendments would have been futile).

The Court finds that leave to amend should be denied here because amendment would be futile. Specifically, the Court finds the Supplemental Claims lack merit for the following reasons.

### A.    Petitioner Waived Supplemental Claims (1) - (4) and (6) - (8)

As discussed earlier, Petitioner entered a plea of no contest in this case (DE 13-1 at 143-46; DE 14-1 at 3-5). In Florida, a no contest plea functions as the equivalent of a guilty plea. *See Fla. v. Royer*, 460 U.S. 491, 495 n.5 (1983) (noting that, under Florida law, "a plea of nolo contendere is equivalent to a plea of guilty"). A guilty "plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial – a waiver of his right to trial before a jury or a judge." *Brady v. United States*, 397 U.S. 742, 748 (1970).

By pleading guilty, a habeas petitioner greatly limits the scope of claims that can be reviewed under 28 U.S.C. § 2254.  The Supreme Court has held that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In other words, once a defendant pleads guilty, the defendant can no longer raise pre-plea claims under 28 U.S.C. § 2254, unless those claims relate to jurisdictional defects, attacking the voluntary and knowing character of the guilty plea, and/or alleging that counsel rendered ineffective assistance. *Caceres v. United States*, No. 13-22901-civ, 2014 WL 5761112, at *8 (S.D. Fla. Nov. 5, 2014) (citations omitted).

In this case, the Supplemental Claims do not raise jurisdictional issues, attack the knowing and voluntary character of the plea, or allege ineffective assistance of counsel.  Instead, in Supplemental Claims (1) through (4) and (6) through (8), Petitioner alleges other constitutional violations that pre-date his decision to change his plea on October 25, 2021.  By changing his plea, Petitioner waived these pre-plea claims as a matter of law. *See United States v. Patti*, 337 F.3d 1317, 1320 (11th Cir. 2003) ("[A] voluntary, unconditional guilty plea waives all non-jurisdictional defects in the proceedings."); *Tiemens v. United States*, 724 F.2d 928, 929 (11th Cir. 1984) ("[A] guilty plea waives all non-jurisdictional defects occurring prior to the time of the plea…."); *Haring v. Prosise*, 462 U.S. 306, 320 (1983) ("[A] guilty plea results in the defendant's loss of any meaningful opportunity he might otherwise have had to challenge the admissibility of evidence obtained in violation of the Fourth Amendment.").

Indeed, during the plea colloquy, state trial judge highlighted the post-conviction consequences of a guilty plea for Petitioner:

COURT:  And you told me that you understand everything in the plea agreement including the rights you're giving up, do you understand you can't come back later claiming you didn't understand the rights you are giving up or the -- the plea that you are accepting?

[PETITIONER]:  Yes, sir.

COURT:  Do you understand if you were to file a motion for post-conviction relief, I could deny that motion without a hearing based upon what you're telling me here under oath today?

[PETITIONER]:  I understand.

(DE 14-1 at 9).  Given that Petitioner waived his right to bring Supplemental Claims (1) through (4) and (6) through (8), it would be futile to allow Petitioner leave to amend the Petition to add those claims.

## B.      Supplemental Claim (5) Lacks Merit

Only one of Petitioner's Supplemental Claims – (5) – concerns conduct that post-dates his change of plea.  Specifically, in Supplemental Claim (5), Petitioner alleges the State violated his Sixth Amendment right to confront the witnesses against him because the victim of his offense appeared at the sentencing hearing and requested the judge to impose a harsher sentence (DE 19 at 4-5).  Petitioner complains that, due to a technical problem with the video and/or audio equipment, "nobody in the Court could see [Petitioner] on the screen" (DE 19 at 4-5).

The Court finds this claim lacks merit for multiple reasons.  First, the Sixth Amendment right to confrontation does not apply at sentencing.  *See United States v. Cantellano*, 430 F.3d 1142, 1146 (11th Cir. 2005) ("The right to confrontation is not a sentencing right.").  Moreover, even if the right did apply, the right to confrontation does not cover the technical issue identified by Petitioner, i.e., where Petitioner could see and hear the victim/witness, and the victim/witness could hear, but apparently not see, Petitioner.

Finally, the victim/witness's statement had no impact on the sentencing result.  That is to say, the state court rejected the victim/witness's request for a harsher sentence and instead imposed the exact sentence that Petitioner negotiated to receive by way of his plea agreement, namely, "8 years Department of Corrections followed by 10 years probation" (DE 13-1 at 143).  For all of these reasons, it would be futile to allow Petitioner leave to amend the Petition to bring Supplemental Claim (5).

### C.       The Supplemental Claims Have Not Been Exhausted

Finally, as noted earlier, a habeas petitioner must exhaust state court remedies before filing a federal habeas petition.  *See* 28 U.S.C. § 2254(b)(1)(A).  Here, Petitioner filed no direct appeal and no postconviction motions for relief in state court.  As with the Original Claims, therefore, Petitioner failed to exhaust the Supplemental Claims.  For this reason as well, it would be futile to allow Petitioner leave to add the Supplemental Claims.

## IV.      <u>REQUEST FOR EVIDENTIARY HEARING</u>

On December 15, 2022, Petitioner filed a "Motion in Time for Petitioner to Take the Stand" (DE 50).  Petitioner requests permission to testify before the Court in support of his Petition.  The Court will treat Petitioner's motion as a request for an evidentiary hearing.

As the Eleventh Circuit has recognized, Congress has imposed "barriers limiting a habeas petitioner's right to discovery or an evidentiary hearing."  *Isaacs v. Head*, 300 F.3d 1232, 1249 (11th Cir. 2002).  Specifically, under 28 U.S.C. § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (i)       a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii)     a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*See also Isaacs*, 300 F.3d at 1249-50 (finding petitioner not entitled to discovery or an evidentiary hearing on his habeas petition).

In this case, Petitioner made no effort to pursue a direct appeal or collateral review in state court before filing this federal habeas petition.  Accordingly, this Court must deny an evidentiary hearing unless Petitioner can satisfy subsections (A) and (B) of 28 U.S.C. § 2254(e)(2).  The Court finds he cannot do so.  As to subsection (A), the Petition does not rely on a new rule of constitutional law, nor does it rely upon "a factual predicate that could not have been previously discovered through the exercise of due diligence."  Petitioner had the opportunity to raise all of his claims in state court, but chose not to do so.  Given that Petitioner cannot satisfy subsection (A), the Court need not address subsection (B).  The request for an evidentiary hearing should be denied.

## V.      RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

Based on the foregoing, the undersigned respectfully **RECOMMENDS** as follows:

1.     The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (DE 1) should be **DENIED.**

2.     The "Supplemental Claims for Petitioner's 28 USC §2254 Petition" (DE 19) and "Supplemental Claims for Petitioner's 28 USC §2254 Petition" (DE 35) should be treated as motions for leave to amend the Petition pursuant to Federal Rule of Civil Procedure 15 and should be **DENIED** as proposed amendments would be futile.

3.      The "Motion in Time for Petitioner to Take the Stand" (DE 50) should be treated as a request for an evidentiary hearing and should be **DENIED.**

4.      The undersigned **RECOMMENDS** that no certificate of appealability be issued pursuant to 28 U.S.C. § 2253(c)(2), because Petitioner cannot show that "jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (setting forth the standard for a certificate of appealability).

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1*; see also Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 24th day of January 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE

17